# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARCUS WAYNE ROBERTS,**

    **Petitioner,**

vs.                                Case No. 4:09cv75-RH/WCS

**UNITED STATES DEPARTMENT
OF STATE, et al.,**

    **Respondents.**

_____/

## ORDER and REPORT AND RECOMMENDATION

On February 20, 2009, this case was initiated by the filing of a petition for writ of mandamus for Petitioner Marcus Wayne Roberts, who was represented by counsel. Doc. 1.  The $350.00 filing fee was simultaneously paid.  The petition seeks a writ of mandamus to compel issuance of a United States passport.  Doc. 1, pp. 1, 6-7.

On February 23rd, Petitioner sent a letter to the Court, *pro se*, complaining that he did not "authorize" counsel "to file a PRO SE suit in my name."  Doc. 3.  On the same day Petitioner sent the letter to the Court, counsel for Petitioner filed a motion to withdraw as counsel.  Doc. 4.  The motion stated that on February 19, 2009, counsel was instructed to file the petition in this matter.  *Id.*, at 1.  After doing so, the Petitioner

"felt Counsel had breached his agreement" and terminated the representation. *Id.* Counsel further explained that Petitioner directed there to be no communication with him. *Id.*, at 2.

On February 27, 2009, I entered an order noting that the local rules of this Court do not permit an attorney who has already made an appearance in a case, to abandon the litigation or withdraw as counsel "except by written leave of court obtained after giving ten (10) days notice to the party or client affected thereby and to all other counsel of record." N.D. Fla. Loc. R. 11.1(F), *cited in* doc. 10. Noting that the motion to withdraw was filed on February 23, 2009, and that ten days notice would not expire until March 5, 2009, the order advised that relief was premature. Doc. 5, p. 2. Petitioner was given until March 5, 2009, to file any objection he might have to the motion to withdraw. *Id.* Petitioner has not filed an objection and, accordingly, the motion to withdraw, doc. 4, is granted.

The prior order advised that "granting the motion will require a response from Petitioner advising whether or not he wants to proceed with this litigation." Doc. 5, p. 3. The order specifically advised that if the motion to withdraw were granted, Petitioner would have to "state whether he has obtained another attorney to represent him or will proceed *pro se* in this matter." *Id.* Petitioner was given until March 5, 2009, to file a response, but he has failed to do so. In accordance with the order, that if no response was received by Petitioner by March 5, 2009," the case would be dismissed, it is now appropriate to construe Petitioner's letter as a notice of voluntary dismissal. This case should now be dismissed.

Accordingly, it is **ORDERED** that the motion to withdraw as counsel, doc. 4, is **GRANTED**.

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is further respectfully **RECOMMENDED** that Petitioner's letter, doc. 3, be **CONSTRUED** as a notice of voluntary dismissal and that Petitioner's failure to respond to the court order, doc. 5, be considered Petitioner's agreement with the dismissal of this action.

**IN CHAMBERS** at Tallahassee, Florida, on March 12, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**